UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                   CASE NO: 2:16-cr-109-FtM-29NPM

RONALD JOHN MENDLESKI
_____

**OPINION AND ORDER**

    This matter comes before the Court on the Motion by the United States for Reduction of Defendant's Sentence Based Upon Substantial Assistance (Doc. #102) filed on May 1, 2020.  Pursuant to Fed. R. Crim. P. 35(b)(2), the government seeks a twelve-month reduction in defendant's sentence based upon his testimony in a criminal case in Baltimore, Maryland.  Defendant filed a Reply (Doc. #103) agreeing that a reduction is appropriate, but seeking a reduction to a time-served sentence based upon defendant's cooperation and testimony, the less comfortable facility to which he was transferred in order to testify, his lack of prior criminal history, his good behavior in prison, and the impact and potential impact of the current COVID-19 pandemic.

    Under Fed. R. Crim. P. 35(b), the government may file a motion to reduce a defendant's sentence if the defendant provides substantial assistance after sentencing in prosecuting or investigating another person. Fed. R. Crim. P. 35(b). Whether to

grant or deny a Rule 35(b) motion is discretionary. <u>United States v. Manella</u>, 86 F.3d 201, 204 & n.6 (11th Cir. 1996).

The Court finds that defendant's cooperation with the government and testimony in the Maryland criminal trial do qualify as substantial assistance under Fed. R. Crim. P. 35(b)(2), and therefore defendant qualifies for a reduction in sentence. The Court also finds that a reduction should be granted. While the Court considers the recommendation of the government as to the extent of the reduction, the Court is not bound by that recommendation.

The Court's consideration is, however, limited to matters related to substantial assistance. When evaluating the extent of a defendant's substantial assistance, the Sentencing Guidelines provide that a court should consider factors that include (1) the court's evaluation of the significance and usefulness of the defendant's assistance; (2) the truthfulness, completeness, and reliability of any information provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from the assistance; and (5) the timeliness of the defendant's assistance. U.S. Sentencing Guidelines Manual § 5K1.1(a). A district court's decision to reduce a sentence under Rule 35(b) may be based <u>only</u> on factors related to the defendant's substantial assistance, and it is error to consider any other

factor that would weigh in favor of a sentence reduction. <u>United States v. Chavarria-Herrara</u>, 15 F.3d 1033, 1037 (11th Cir. 1994) (district court erred when it considered the defendant's first-time offender status, relative culpability, and good prison behavior when granting a sentence reduction under Rule 35(b)). A district court may consider other factors, including the factors listed in 18 U.S.C. § 3553(a), but only to the extent that they militate against a sentence reduction or in favor of a smaller reduction. <u>United States v. Manella</u>, 86 F.3d at 203–05.

After considering the relevant factors, the Court finds that a sentence of 36 months imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). All other components of the previously imposed sentence (Doc. #92) shall remain as imposed. In arriving at this determination, the Court has favorably considered defendant's cooperation and testimony, as well as the less comfortable facility to which he was transferred in order to testify. The Court has not considered defendant's lack of prior criminal history, his good behavior in prison, or the impact and potential impact of the current COVID-19 pandemic. As to the latter, there may be other administrative or judicial avenues available to defendant, but the Court may not consider that matter in a substantial assistance motion.

Accordingly, it is now

**ORDERED:**

1. The Motion by the United States for Reduction of Defendant's Sentence Based Upon Substantial Assistance (Doc. #102) is **GRANTED** as set forth above.

2. The Clerk of the Court shall enter a second amended judgment reducing the sentence imposed to 36 months imprisonment as to the above-named defendant, and otherwise leaving all other components of the sentence as imposed in the previously entered judgment.

**DONE AND ORDERED** at Fort Myers, Florida this __4th__ day of May, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

U.S. Probation
U.S. Marshal
DCCD

Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331

4